FILED & ENTERED

APR 24 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Edwin I. Guardia,<br><br>            Debtor. | Case No.: 1:18-bk-12337-MT<br><br>Chapter 13<br><br>**NOTICE OF TENTATIVE RULING RE OBJECTION TO THE SECURED CLAIM OF BANK OF AMERICA, NATIONAL ASSOCIATION (CLAIM 5)**<br><br>Hearing<br>Date:  April 23, 2019<br>Time:  11:00 a.m.<br>Ctrm:  302 |

    At the above date and time, the Court held a hearing on the Objection to the Secured Claim of Bank of America, National Association (the "Objection"), filed by Debtor. Appearances are as noted on the record for the hearing. At the hearing, the Court adopted its tentative ruling on the Objection. A copy of the Court's tentative ruling is attached to this cover page.

//

//

//

1

Standing to File Proof of Claim

Debtor argues that Bank of America, N.A. (as serviced by Wells Fargo) ("BOA") does not have standing to assert this claim. Debtor relies on In re Veal, where the BAP determined that "a party has standing to prosecute a proof of claim involving a negotiable promissory note secured by real property if, under applicable law, it is a 'person entitled to enforce the note' as defined by [§ 3-301] the Uniform Commercial Code." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 902 (B.A.P. 9th Cir. 2011). UCC § 3-301 (codified as Cal. Commercial Code § 3301) defines "person entitled to enforce" an instrument to include the holder of the instrument. A "holder" in turn is defined to include "the person in possession of a negotiable instrument that is payable to the bearer or to an identified person that is the person in possession." UCC 1-201(b)(21)(A); Cal. Commercial Code § 1201(b)(21)(A).

BOA argues that the subject note is endorsed in blank and, therefore, is payable to the bearer. BOA submits evidence that it is in possession of the note and is therefore a person entitled to enforce the note under UCC 3-301. Attached to the declaration of Talneca Wilson is a copy of such note. This appears to resolve the issue of whether BOA has standing to prosecute this proof of claim. The Court now moves to the merits of the claim objection.

Informal Proof of Claim Theory

There are two requirements for a document to qualify as an informal proof of claim: "(1) the document must state an explicit demand showing the nature and amount of the claim against the estate, and (2) the document must evidence an intent to hold the debtor liable." Spokane Law Enf't Fed. Credit Union v. Barker (In re Barker), 839 F.3d 1189, 1196 (9th Cir. 2016). Further, the document must have been filed within the statutorily prescribed time frame. Id. On October 31, 2018, almost a month before the deadline to file a proof of claim, BOA filed an objection to the confirmation of Debtor's chapter 13 plan. The objection to confirmation states that BOA holds a claim for $913,768.58 secured by Debtor's residence. The objection to confirmation evinces an intent to hold the Debtor liable because BOA argues that Debtor has failed to provide any cure its arrearages of $373,668.84 in the plan as required by §§ 1322(b)(2) and (b)(5). By contrast, the court in Barker held that a debtor's schedules did not meet either of the prongs of the informal proof of claim because they were neither an explicit demand nor did they evidence an intent to hold the debtor liable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Debtor argues that creditor's "informal proof of claim" theory has been superseded by an amendment to Rule 3002(c). This argument falls flat. Rules establishing the timeliness of claims were in effect at the time that the <u>Barker</u> was decided--in fact, one of the requirements of an informal proof of claim is that the document must be filed within the statutorily prescribed time frame. The informal proof of claim doctrine should therefore be understood as expanding the definition of "proof of claim" beyond formal proofs of claim, and deeming a claim timely as long as the "informal" proof of claim was filed within the time allowed by applicable rules. Rule 3002(c) is therefore integral to and not in conflict with the application of the informal proof of claim theory. Nor does the 2017 amendment to 3002(a), requiring secured creditors to file proofs of claim, affect or supersede the precedent on informal proofs of claims.

APPEARANCE REQUIRED

Date: April 24, 2019

Maureen A. Tighe
United States Bankruptcy Judge